UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>THOMAS DAVID WEATHERS and KATHY JEAN WEATHERS,<br><br>  Defendant. | Case No. CR04-5487FDB<br><br>ORDER DENYING MOTION TO DISMISS SUPERSEDING INDICTMENT |

This matter is before the Court on the motion of Defendant Thomas David Weathers to dismiss the Superseding Indictment against him. Defendant contends that the Superseding Indictment must be dismissed because the Internal Revenue Service (IRS) failed to exhaust its administrative remedies, he was not advised of his right to challenge selection of the grand jury panel, and because this Court lacks jurisdiction over Oregon citizens. Having reviewed the motion, the government's opposition, and the balance of the record, the Court finds, for the reasons set forth below, that Defendant's motion to dismiss shall be denied.

I.

Defendant argues that the Superseding Indictment must be dismissed because the IRS failed to exhaust its administrative remedies by not preparing a Form 23C. Defendant also argues that the

ORDER - 1

IRS' reliance on Form 4340 (which indicates when his tax liability was assessed, the amount, when notices of taxes due were sent, and whether the tax due has been paid), is also insufficient to establish liability. This is, however, a criminal case, in which Defendants are charged with willful evasion of the payment of tax in violation of 26 U.S.C. § 7201. There is no requirement that an administrative record be filed before a criminal prosecution may be had for failing to report or pay income tax under 26 U.S.C. § 7201. *United States v. Voorhies*, 658 F.2d 710, 714 (9th Cir. 1981). Whether the government's reliance on Form 4340 as evidence of Defendants' willful evasion is well placed, is a matter for a jury to decide and the Court declines to engage in a pre-trial determination of the evidence. *See, e.g.*, *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996).

## II.

Relying on 28 U.S.C. § 1867(a), Defendant next argues that the indictment must be dismissed because he was not advised of his right to challenge the selection of the grand jury and was not allowed to present exculpatory evidence. This argument fails for several reasons. First, there is nothing in the statute requiring that a defendant be advised of the statute's existence or his "right" of challenge. Second, the statute provides that a challenge to the array may be made prior to voir dire or within seven days after the defendant discovered or could have discovered the grounds of his challenge. 28 U.S.C. § 1867(a). Thus, Defendant has not been prejudiced. Third, Defendant presents no factual basis upon which the Court may make a determination of whether there has been a substantial failure to comply with the provisions of the statute in selecting the jury. Finally, a defendant has no right to participate in grand jury proceedings. *United States v. Salsedo*, 607 F.2d 318, 319 (9th Cir. 1979) (accused has "no right of cross-examination, or of introducing evidence to rebut a prosecutor's presentation" before the grand jury).

## III.

The Court has previously addressed and denied motions by Defendants based on their claims that they are not subject to the Court's jurisdiction. In this latest motion, Defendant claims that as a

ORDER - 2

citizen of Oregon and "not the territories of the United States," he is not subject to the jurisdiction of this Court. The argument is patently frivolous and is rejected. *See, e.g., United States v. Hanson*, 2 F.3d 942, 945 (9th Cir. 1993), *United States v. Studley*, 783 F.2d 934, 937 (9th Cir. 1986), and Court's previous Orders (Dkt. # 108 and #125).

ACCORDINGLY,

IT IS ORDERED:

(1) Defendant's motion to dismiss (Dkt.#213 ) is **DENIED**.

DATED this 13th day of May, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3