UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THOMAS DAVID WEATHERS and KATHY JEAN WEATHERS,<br><br>　　　　Defendant. | Case No. CR04-5487FDB<br><br>ORDER DENYING AMENDED MOTION TO DISMISS SUPERSEDING INDICTMENT |

　　　This matter is before the Court on the amended motion of Defendant Thomas David Weathers to dismiss the Superseding Indictment against him. In his amended motion, Defendant argues that the Superseding Indictment must be dismissed because the Internal Revenue Service (IRS) failed to exhaust its administrative remedies, that the charge for tax evasion was not brought within the appropriate statute of limitations, and that the Superseding Indictment may have been improperly amended. Having reviewed the amended motion, the government's opposition, and the balance of the record, the Court finds, for the reasons set forth below, that Defendant's amended motion to dismiss shall be denied.

I.

　　　Defendant's argument that the Superseding Indictment must be dismissed because the IRS failed to exhaust its administrative remedies by not preparing a Form 23C was previously argued by

ORDER - 1

Defendant in his motion to dismiss (Dkt. #213). The Court's Order denying that motion dealt with this issue and the Court finds nothing in the Defendant's amended motion which would cause it to change that decision.

## II.

Defendant also argues for dismissal, claiming that the Superseding Indictment was brought after the six year statute of limitations had expired. While the statute of limitations for tax evasion is six years, 26 U.S.C. § 6531(2), where the charged offense is the evasion of tax payment, the limitations period begins to run on the date the last affirmative act of evasion took place, not on the date the tax was due. *See United States v. DeTar*, 832 F.2d 1110, 1113 (9th Cir. 1987). Thus, even if the taxes evaded were due and payable more than six years before the return of the indictment, the indictment is timely so long as it is returned within six years of an affirmative act of evasion. *Id.* (*citing United States v. Andros*, 484 F.2d 531, 532-33 (9th Cir.1973); *United States v. Trownsell*, 367 F.2d 815, 816 (7th Cir.1966)).

In this case, it is alleged that payment of the Defendants' 1996 income tax was due upon filing of their 1996 Form 1040 in October 1997. However, the Defendants are also charged with engaging in numerous affirmative acts of tax evasion, including recording encumbrances on their personal and real property in March and November of 2001. The first Indictment was returned on September 1, 2004 and the Superseding Indictment was returned on October 27, 2004 [1], both within the six year statute of limitations. Those overt, affirmative acts allegedly committed by Defendants through 2001 are sufficient to keep the action alive.

## III.

Defendant next argues that the Superseding Indictment might be improper. The gist of this

---

[1] The Superseding Indictment added no new substantive counts, but added sentencing enhancement allegations in response to the Supreme Court's decision in *Blakely v. Washington*. The Government has since moved to strike those claims as surplusage in light of the *Booker* decision.

ORDER - 2

argument appears to be that, if the original Indictment had any substantial changes made to it, the Defendant's rights may have been substantially prejudiced, and Defendant is unable to determine whether the same grand jury returned the indictments because he has not been able to view the original Indictment.[2]

The original Indictment, returned September 1, 2004, and Superseding Indictment, returned October 27, 2004, were returned by the same grand jury. Thus, and as Defendant has raised no specific objections to the propriety of the Superseding Indictment warranting dismissal, his motion to dismiss on this ground must be denied.

ACCORDINGLY,

IT IS ORDERED:

(1) Defendant's amended motion to dismiss (Dkt.#218 )is **DENIED**.


DATED this 13th day of May, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

---

[2] Defendant has repeatedly inferred that access to the indictments in this case has somehow been denied him. However, copies of the original and Superseding Indictments were provided to Defendant at his arraignments, copies were available through his various counsel, and copies are readily available in the Court records. Additionally, after the Defendant made written "demand" for the "indictment in this case," the Court directed the Clerk of the Court to send him a certified copy. *See* Order dated January 5, 2005.

ORDER - 3