UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

   Plaintiff,

   v.

THOMAS DAVID WEATHERS and KATHY JEAN WEATHERS,

   Defendant.

Case No. CR04-5487FDB

ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

Before the Court is the motion of Defendant Thomas Weather for judgment of acquittal. The Court, having considered the motion, the Government's response, and evidence presented at trial, finds that the motion shall be denied.

I.

In assessing a defendant's motion pursuant to Rule 29( c) of the Federal Rules of Civil Procedure, the court must consider whether "viewing the evidence in the light most favorable to the government, the jury could reasonably find the defendant guilty beyond a reasonable doubt. *United States v. Merriweather*, 777 F.2d 503, 507 (9th Cir. 1985). Defendant Thomas Weathers claims that the government failed to prove that any particular provision of the IRS code rendered him liable for income tax or required him to file returns and that he could not be convicted of having willfully

ORDER - 1

violated such duties. The Court finds that there is more than sufficient evidence to sustain the jury's verdict against the Defendant.

II.

To convict Defendant Weathers of evasion of payment of tax pursuant to 26 U.S.C. § 7201, the government had to prove (1) willfulness, (2) existence of a tax deficiency, and (3) an affirmative act constituting an evasion or attempted evasion of the tax. *Sansone v. United States*, 380 U.S. 343, 351 (1965); *United States v. Voorhies*, 658 F.2d 710, 713 (9th Cir. 1981). In order to convict Defendant Weathers of failure to file a tax return pursuant to 26 U.S.C. § 7203, the government had to prove (1) requirement to file a return, (2) failure to file a return, and (3) failure to file was willful. *United States v. Vroman*, 975 F.2d 669, 671 (9th Cir. 1992). Defendant Weathers argues that the government never cited to the precise sections of the IRS code that imposed the various taxes or that required him to file a tax return and that there was not sufficient evidence to convict him of the charges.

The evidence presented at trial was that Thomas Weathers voluntarily signed and filed a Form 1040 for the tax year 1996 where he declared that he owed more than $103,000.00 in taxes. Therefore, Defendant Weathers himself acknowledged that the tax laws required him to report and to pay taxes as indicated on the Form 1040. His professional tax preparer, Bonnie Jo English, testified that she prepared the 1996 Form 1040, that the tax calculation was correct and that Mr. and Mrs. Weathers were obligated to pay the tax due. IRS Revenue Agent Joan McConnell confirmed that the tax calculation was correct and she testified that, according to IRS requirements, any tax reported as owing was due at the time of filing of the return. IRS records submitted as exhibits at trial reflected that the IRS accepted the 1996 Form 1040 and officially recorded the Weathers' tax liability. Finally, the government's IRS witness, Kris Morgan, testified that the IRS' records indicated that Thomas Weathers continues to owe the tax and Defendant Kathy Weathers testified that neither she nor Thomas Weathers ever paid the tax.

ORDER - 2

1    The Court instructed the jury with respect to the charges for failure to file tax returns. Defendants never objected to these instructions.  Through the testimony of IRS Revenue Agent Joan McConnell, the government presented evidence that Defendant Weathers earned in excess of $1 million per year of gross income through the operation of at least five hotels; income of substantially more than the statutory minimum gross income amounts triggering the filing requirement.  Agent McConnell also testified that according to IRS Code, a return must be filed if gross income exceeds the minimum amounts.

Defendant himself acknowledged he had a tax liability.  The government's evidence that Defendant Weathers owed tax and that he failed to file tax returns was undisputed.  The Court's instructions on the law were uncontested.  The Court finds that the government provided ample evidence that Defendant Weathers owed tax and was required to file tax returns.

### III.

The evidence presented by the government at trial was also sufficient to prove that Defendant Weathers evaded the payment of taxes and failed to file tax returns.  The government's "failure to cite to any particular statute or code showing Defendant had a duty to pay and file a return" as claimed by the Defendant, is not relevant to whether Defendant Weathers willfully evaded the payment of tax.  The government is required to prove that, at the time Defendant Weathers evaded the payment of taxes and failed to file tax returns, he knew he had a duty to do so.  The Court finds that the government's proof at trial was sufficient to prove evasion.

The government's evidence included IRS records from 1969 through 1995 reflecting that Defendant Thomas Weathers filed federal income tax returns and paid all tax that was due for those years.  Thus, it was reasonable for the jury to infer from this evidence, that for a period of almost thirty years, Defendant Weathers knew to file tax returns and pay tax and did so.  For the tax year 1996, as noted above, Defendant Weathers also signed and filed a tax return in which he self-declared that he owed more than $103,000.00 in taxes.  His tax preparer testified that she told him

ORDER - 3

the amount that was due and owing and also told him that he needed to pay it. There was also evidence presented at trial that the IRS sent Defendant Weathers three notices notifying him of his duty to pay the outstanding tax.

The evidence at trial indicated that instead of paying the tax, Defendant Weathers submitted a false Amended Return in which he zeroed out all of the income that he previously reported. The evidence at trial also showed that Defendant Weathers submitted false statements claiming that he was not a citizen of the United States in order to avoid third party IRS reporting requirements, and that he incorporated entities and transferred assets to these entities to hide assets from the IRS. In addition, the government presented evidence that Defendant Weathers falsely declared to the IRS that he was a sovereign, not subject to the jurisdiction of the IRS or the United States and that he threatened an IRS Special Agent with involuntary bankruptcy for his investigative work.

IV.

Viewing the evidence in the light most favorable to the government, the Court finds that the jury could reasonably find the Defendant guilty beyond a reasonable doubt and the Defendant's motion for judgment of acquittal must be denied.

ACCORDINGLY,

IT IS ORDERED:

(1)     Defendant Thomas Weather's Motion for Judgment of Acquittal (Dkt. #294) is **DENIED**.

DATED this 28th day of July, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4