UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

THOMAS DAVID WEATHERS and KATHY JEAN WEATHERS,

    Defendant.

Case No. CR04-5487FDB

ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL

Before the Court is the motion of Defendant Thomas Weather for new trial. The Court, having considered the motion, the Government's response, and evidence presented at trial, finds that the motion shall be denied.

I.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, upon a defendant's motion, the court may grant a new trial if the interest of justice so requires. *United States v. Merriweather*, 777 F.2d 503, 507 (9th Cir. 1985). The decision to grant a new trial is within the sound discretion of the trial court, but a new trial is to be granted "only in an exceptional case in which the evidence weighs heavily against the verdict." *Id*. Defendant Weathers' attacks the verdict on several grounds; each is addressed below.

II.

*Defendant's Legal Arguments*

A.    <u>Proof that Corporate Entities Were "Nominees" Under State Law</u>

Defendant argues again that the government should not have been allowed to present

ORDER - 1

evidence relating to Defendant's use of corporate entities without first proving that these entities were "alter egos or nominees" under Washington or some other state's law. This argument was previously rejected by the Court in pretrial motions and at trial (*See* Order, Dkt. #236). This argument is again rejected on the same grounds.

B. <u>Proof of Requirement to File Particular Tax Form</u>

Defendant argues that his conviction for failure to file tax returns is improper because the government failed to present evidence of a the particular statute or regulation that required Defendant to file a Form 1040. The Court disagrees. The jury was properly instructed as to the elements of the charged crime as set forth in the Court's Jury Instruction 17, which required the government to show that the Defendant received a minimum amount of gross income, and that the defendant willfully did not file an income tax return by the prescribed date. What qualifies as an "income tax return" was further defined in the Court's Jury Instruction 22. The evidence at trial demonstrated that Defendant Thomas Weathers earned gross income in excess of $1 million per year, an amount in excess of the minimum thresholds as set forth in Instruction No. 17, and that he failed to file any form or document that met the definition of an "income tax return" as set forth in Instruction No. 22.

C. <u>Admission Into Evidence of 1996 Amended Return (Form 1040X)</u>

Defendant argues that the government cannot "allege" that his 1996 Form 1040X was frivolous without a prior legal determination pursuant to *Neitzke v. William*, 490 U.S. 319, 32 (1989). That case involved a pro se litigant's civil complaint, which has no application here. As set forth in the Court's previous orders, IRS administrative protocols and remedies are not relevant to this criminal proceeding. Defendant also argues that the Amended Return should have been excluded because of the six year statute of limitation. While the Form 1040X was filed by the Defendant in July 1998, outside of the limitations period, the false statements of income were probative of willfulness and also constitute an affirmative act of evasion, which were properly

ORDER - 2

considered by the jury. *See, e.g., United States v. Carlson*, 235 F.3d 466, 470 (9th Cir. 2000).

D. <u>Production of IRS Manuals</u>

The Court ruled on May 13, 2005 (Dkt.#228) that the government need not demonstrate that the IRS followed certain administrative procedures in order to prove that a tax amount is due and owing. The Court ruled on June 3, 2005, that the Defendant had failed to show how the IRS manuals were relevant to the issues at trial. The evidence at trial demonstrated that Defendant Weathers signed and filed a tax return for 1996, in which he admitted that he owed over $103,000.00 in tax, but then failed to pay, and then affirmatively evaded payment of that tax. The evidence also reflected that Defendant Weathers earned in excess of $1 million per year in gross income, but failed to file any income tax returns after 1996. Defendant has failed to provide the Court with any explanation as to how an ability to decode IRS records, which simply records the administrative actions taken by the IRS for the years in question, would provide information useful in refuting this evidence or how the absence of these records prejudiced the presentation of his case.

E. <u>Evidence of IRS Collection Activity</u>

The jury was properly instructed on the elements for the crime of evasion of tax, as set forth in the Court's Jury Instruction 14. The Court is not aware of any requirement that the government demonstrate that the IRS undertook collection activity in order to convict Defendant Weathers for evasion of tax. In any event, the evidence at trial was that the IRS attempted civil collection proceedings against Defendant Weathers and that liens were filed by the IRS in an attempt to collect the tax.

III.

*Defendant's Evidentiary Arguments*

A. <u>Identity of Creator of Defendant Exhibit A-2</u>

Defendant claims a new trial is warranted because the government failed to identify the author of a handwritten note contained in discovery material produced to the defense by the

ORDER - 3

government. When defense counsel attempted to admit the document, the Court excluded its admission because Defendant provided no foundation or context for its introduction and no explanation for its relevance. Defendant also provides no explanation how disclosure of the author of the note would have any impact on the ultimate verdict by the jury that Defendant failed to file tax returns in light of the uncontested evidence at trial that Defendant Weathers earned significantly more than the minimum required for filing, but had failed to file a tax return since 1996. This evidence was properly excluded.

### B.    IRS Witnesses and Requirements of the IRS Code

Defendant Weathers claims that the government's IRS witnesses contradicted each other when citing to the IRS Code, one claiming that "income" was defined in the Code, the other stating that it was not; one claiming that Form 1040 was the prescribed form but that a statement could not be filed unless the form was unavailable, a claim Defendant claims is contrary to the law. Defendant appears to be arguing that he can hardly be held accountable to know that he has a duty to pay taxes when the so-called "experts" cannot seem to agree. This argument is not credible, particularly when viewed in light of the evidence presented at trial. The evidence at trial demonstrated that Defendant Weathers filed income tax returns and paid federal income tax for almost thirty years; he signed and filed a tax return declaring that he owed over $103,000.00 in taxes for the tax year 1996; his professional tax preparer told him he owed over $103,000.00 for the 1996 tax year and that he should pay it; he received notices from the IRS telling him he owed and should pay the $103,000.00 for the 1996 tax year.

### C.    Absence of Additional IRS Witnesses

Defendant claims that the government intentionally failed to call any witness who worked for the IRS and had any personal contact with him and that he could not call and compel as witnesses individuals employed with the IRS. This is factually incorrect. Special Agent Daniel Wardlaw testified at trial that he had personal contact with Defendant Weathers. Defendant never requested

ORDER - 4

assistance in subpoenaing any witnesses and the assertion that Defendant could not compel any witnesses has no basis as he never made such a request. Additionally, Defendant Weathers has provided the Court with no explanation as to how the absence of these unnamed witnesses prejudiced the presentation of his case.

IV.

*Juror Impartiality*

Defendant contends it was error to retain a juror (W.S.) on the jury. Following W.S.'s disclosure of a potential predisposition towards the government based on the juror's receipt of retirement benefits from social security and Navy pension, the Court inquired further regarding the juror's ability to remain neutral and make his decision based upon the evidence and the law as it was given to him by the Court. The juror unequivocally assured the Court that he could be impartial and the Court was satisfied that the juror was competent to remain on the panel. Although given the opportunity to do so, the Defendant did not challenge the juror's continued presence on the jury at that time. The Court does not find this a sufficient basis for granting a new trial now.

ACCORDINGLY,

IT IS ORDERED:

(1) Defendant Thomas Weather's Motion for New Trial (Dkt. #295) is **DENIED**.

DATED this 28th day of July, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5